## TRUST COMPANY OF GEORGIA, receiver, *v.* SCOTTISH UNION AND NATIONAL INSURANCE COMPANY.

1. A mortgagee may maintain an action at law, in his own name alone, for loss under an insurance policy payable to him as his interest may appear, when the amount of his debt exceeds or equals the value of the insurance, and the mortgage embraces all of the insured property which was destroyed.
2. The petition set out a good cause of action on the policy as written.
3. There was a want of necessary parties, and a failure to set out facts entitling the plaintiff to a reformation of the policy.
4. Under the Civil Code, § 4833, the failure of the petitioner to make the necessary parties or to set up facts authorizing a reformation of the policy did not deprive it of the right to recover what it might be entitled to on the policy as actually written.
5. The plaintiff does not lose the benefit of a good cause of action where it fails to establish a better.

Argued February 19, — Decided March 4, 1904.

Action on insurance policy. Before Judge Lumpkin. Fulton superior court. March 20, 1903.

Hawkins borrowed from the Fidelity Trust & Loan Company $1,685, and secured the same by a deed to real estate under the Civil Code, § 2771. The receiver of this company applied to the Scottish Union and National Insurance Company for a policy of insurance on the building. The petition averred that the receiver paid the premium, and that on February 2, 1901, in consideration of said premium, the insurance company did insure W. A. Hawkins for an amount not exceeding $1,000, on the property described, the policy stipulating that "any loss that may be ascertained and proved to be due the assured under this policy shall be held payable to W. K. P. Wilson, Rec. Fidelity Trust & Loan Company, as interest may appear, balance to assured." On Sep-

tember 17, 1901, there was indorsed on the policy the statement that "notice accepted that the Trust Co. of Georgia has been appointed Receiver for the Fidelity Trust and Loan Co., in place of W. K. P. Wilson, and loss clause is hereby changed accordingly." The Trust Company of Georgia, as receiver of the Fidelity Loan and Trust Company aforesaid, alleged in its petition that by a mistake Hawkins had been named as the assured; that the interest insured should have been that of the receiver; and that naming Hawkins as the assured was the result of a mistake of fact and law.    It averred the loss of the building by fire, the making of the proper proof, compliance with all the conditions precedent and subsequent, and that the insurance company denied liability generally; that after the fire Hawkins had left the State, and his whereabouts were unknown.    It prayed for a reformation of the policy by striking the name of Hawkins and inserting in lieu thereof the name of petitioner as receiver of the Fidelity Trust & Loan Company.    It also prayed "that a judgment may be rendered in petitioner's favor against the defendant company for the amount of said policy, to wit, one thousand dollars, with interest from the date of the defendant company's denial of liability under said policy and refusal to pay the same, namely, the 26th day of February, 1902."    The defendant demurred on the ground that there was nothing setting forth wherein the mistake consisted, how or by whom it was made, nor was the mistake sufficiently set forth to enable the defendant to plead thereto; that Hawkins was a necessary party, but he was not named as a party, nor was any process asked against him.    Subject to its demurrer the defendant answered.    The court sustained the demurrer, but allowed ten days in which to cure the defects pointed out by the demurrer; in default whereof the case should stand dismissed.    The plaintiff did not amend, and excepts to the judgment of dismissal.

*Anderson, Anderson & Thomas*, for plaintiff.
*King, Spalding & Little*, for defendant.

LAMAR, J.    It has been held that a bill to annul a contract for fraud and illegality, with an alternative prayer that the court would specifically enforce it if the same was found to be valid, presents two inconsistent and irreconcilable causes of action, and is fatally defective.    St. Louis R. Co. *v.* Terre Haute R. Co., 33 Fed.

448, citing Shields *v.* Barrow, 17 How. 130.   But here the policy as written was not void, and the plaintiff might have a cause of action thereunder even if unable to establish its right to a reformation and the advantages incidentally flowing therefrom.   In a suit to reform, the complainant may also obtain a decree for the relief to which he is entitled under the instrument as reformed. And in like manner, under our broad and practical system of pleading, there is no reason why the petitioner, on failure to establish his cause of action for the reformation, might not recover judgment for what he was entitled to under the policy as actually written.   Compare *Gunn* v. *Barrett,* 69 *Ga.* 690.   For " the superior courts . . on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Civil Code, § 4833.   But while the want of necessary parties, and the allegations in the petition, made it impossible to reform the policy, the petition did set out a cause of action on the policy as originally prepared.   It averred the payment of the premium, the issuance of a policy to Hawkins with the loss payable to his creditor as its interest might appear, the destruction of the premises by fire, the presentation of proofs of loss, and the company's refusal to pay ; and prayed for a money judgment on said policy.   There was no ground for the objection that a splitting of the cause of action on the policy would result, as there was an allegation that the mortgage debt exceeded the amount due under the policy. The defendant in error insists that Hawkins as mortgagor was also a necessary party on this branch of the case.   And while there is some conflict on the subject, yet the weight of authority is in favor of the proposition that a mortgagee may maintain an action at law, in his own name alone, for loss on the insurance policy payable to him as his interest may appear, when the amount of his debt exceeds the value of the insurance, and the mortgage embraced all of the property which was destroyed.   Chipman *v.* Carroll (Kansas), 25 L. R. A. 305, and note ; Lowry *v.* Ins. Co. of North America (Miss.), 37 L. R. A. 779 ; Maxey *v.* New Hampshire Fire Ins. Co. (Minn.), 55 N. W. 1130.   Compare *Hawkins* v. *Central Ry. Co.,* 119 *Ga.* 159 ; *Loudermilk* v. *Loudermilk,* 93 *Ga.* 443 ; *Liverpool Ins. Co.* v. *Ellington,* 94 *Ga.* 785 ; Bentley *v.*

Standard Fire Ins. Co., 40 W. Va. 729 ; *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381; Civil Code, § 3077.

The defense of multifariousness is not favored.    In this case there was no demurrer on the ground that there was a misjoinder, or that the causes of action were inconsistent, or that the petition was multifarious.    The defect alleged was that the petition did not allege how or by whom the mistake was made, or in what it consisted.    These grounds of demurrer were well taken and properly sustained.    The petition did not set out issuable facts sufficient to warrant the reformation of an instrument, which not only ·explicitly named Hawkins as the assured, but in that shape was afterwards assigned to the present plaintiff, who took the same, not as the assured, but with a clause reciting that the loss should be payable to it as its interest might appear.    Even had the allegations been sufficient to warrant a reformation of the instrument, Hawkins was a necessary party.    His rights under the policy as written might have been different from those under a policy in which he was not named, and where the mortgagee was described as the assured.    But in setting forth a defective cause of action for reformation of the policy the plaintiff did not lose the benefit of the good cause of action on the policy as written.    Under the Civil Code, § 4833, the plaintiff would not lose the good because it failed to secure the better.    Where a petition is sustainable for one cause of action, it should not be dismissed as a whole because defective as to another cause of action therein set out.    *Lowe* v. *Burke*, 79 *Ga.* 166.    The plaintiff should be allowed to prosecute its case for the recovery of a money verdict ; and the judgment is

*Reversed.  All the Justices concur, except Simmons, C. J., absent.*