9213. Southern States Fire and Casualty Insurance Company *v.* Napier.

Jenkins, J. 1. Where a policy of fire insurance, issued in favor of the owner of property, contains what is known as the "ordinary" or "open" mortgage clause, merely · providing that loss, if any, shall be paid to a named mortgagee as his interest may appear, this stipulation is merely collateral to the principal undertaking in favor of the mortgagor, and the mortgagee becomes simply an appointee of the fund, with no greater rights than those of the assured under whom he must claim, and any breach of the terms of the contract of insurance which would cause a lapse as against the one assured will operate to avoid the policy as against the mortgagee. May on Insurance, § 379; 13 Am. & Eng. Enc. Law, 202, 250; 2 Cooley's Briefs on Insurance, 1520, 1521; Brecht *v.* Law Union &c. Ins. Co., 160 Fed. 399 (18 L. R. A. (N. S.) 197, and note, 18 L. R. A. 197); Gilman *v.* Commonwealth Insurance Co., 112 Me. 528 (L. R. A. 1915 C, 758, 92 Atl. 721). Hence, where a policy of insurance written in the name of the mortgagor thus merely recognizes the mortgagee as the appointee of the fund, a conveyance by the former to the latter of the title to the property is in violation of any stipulations which may be expressed in the policy prohibiting change of ownership in the property insured. *Hartford Fire Insurance Co.* v. *Liddell Co.*, 130 *Ga.* 8, 13 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. R. 157); Boston Co-operative Bank *v.* American Central Insurance Co., 201 Mass. 350 (23 L. R. A. (N. S.) 1147, and note, 87 S. E. 594).

2. But where to the policy of insurance there is attached in favor of the mortgagee what is known as the "New York standard mortgagee clause," by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor. 13 Am. & Eng. Enc. Law, 205; 2 Cooley's Briefs on Insurance, 1228, 1525.

3. Where such a form of agreement in favor of the mortgagee provides also that the mortgagee shall notify the company of any change of ownership in the property which shall come to his knowledge, and that if this is not done the policy shall become void, the absolute conveyance of the property by the owner to one whose interest is not covered by the terms of the insurance, where the mortgagee has knowledge of the conveyance but fails to notify the company, renders the policy void even as to him. *Continental Insurance Co.* v. *Anderson,* 107 *Ga.* 541 (2), 544 (33 S. E. 887).

4. But in order that the policy shall be terminated by reason of a change in ownership of the property, the conveyance by the owner must be to a person who by the terms of the policy is not himself insured; and since, under the last-mentioned form of stipulation, the interest of the mortgagee is expressly covered by separate and distinct agreement, the mere acceleration of his interest by a direct conveyance of the title to him would not work a forfeiture of his rights as one of the assured, even though notice be not given to the company of such increase in interest in the property already insured in his favor by the terms of the policy. 2 Cooley's Briefs on Insurance, 1722, 1758. See also, in this connection, *Hartford Fire Insurance Co.* v. *Liddell Co.,* supra, and 1 Cooley's Briefs on Insurance, 213.

5. Under the rules of law above stated, the amendment to the defendant's answer set forth no ground of defense to the action brought under the policy, and the judgment of the superior court, sustaining the certiorari, is        *Affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 16, 1918.

Certiorari; from Bibb superior court—Judge Mathews. August 22, 1917.

*Will Gunn, E. C. Powers,* for plaintiff in error.

*Ryals & Anderson, B. S. Deaver,* contra.