## 23811. MECHANICS INSURANCE COMPANY *v.* GOODWIN *et al.*

DECIDED MARCH 26, 1934.

*Smith, Smith & Bloodworth, Robert L. Russell,* for plaintiff in error.

*Clifford Pratt,* contra.

SUTTON, J. This was a suit on two policies of fire insurance, issued by the same company and covering the same property, one for $1000 and the other for $600, brought by the insured thereunder and the holder of a first security deed to the property insured, the policies each containing a New York standard mortgagee clause, in favor of the Winder Building & Loan Association. The policies were issued on November 21, 1931. The subject of the insurance was completely destroyed by fire on December 2, 1931, and was worth considerably more than the total amount of insurance. Proofs of loss were furnished and demand for payment made, and upon the refusal of the insurer to pay, the present suit for the full amount of said policies, with interest, twenty-five per cent. damages, and attorney's fees, was filed. The interest of the holder of the first security deed in said property was $558.55, with interest from

December 27, 1931. The allegations of the petition showed that the interest of the insured in the property was subject to said first security deed in favor of said building and loan association and was also "subject to a second security deed in favor of Mrs. J. J. Bridges of Atlanta, Georgia, to secure $200 principal, besides interest thereon from November 30, 1930," and that the title of the insured "is evidenced by a warranty deed from Mrs. J. J. Bridges to the 'insured' dated November 12, 1930, and recorded in Deed Book 'J' page 568 of the records of said county." This last mentioned security deed was not mentioned in the policies and they were not issued subject thereto.

The defendant demurred to the petition, upon the ground that no cause of action was set forth therein against it, and because there was a misjoinder of parties plaintiff thereto. The court overruled the demurrer, and the defendant excepted pendente lite, and upon these exceptions error is assigned in the present bill of exceptions. The case proceeded to trial, and the trial resulted in a verdict for the insured for the full amount of the principal of the policies, and $50 attorney's fees and $50 penalty. The defendant moved for a new trial, the motion was overruled, and to this judgment it excepts.

The case went to the Supreme Court. It was transferred by that court to this court, upon the ground that the jurisdiction of the writ of error was in this court, and in the opinion transferring the case the Supreme Court held that "An insured, in suing an insurance company at law for fire loss on two insurance policies covering the same property, may join as a party plaintiff his creditor who holds a deed to secure debt, where the policy contains a loss-payable clause as shown in the policies on which this suit is brought." *Mechanics Ins. Co.* v. *Goodwin,* 177 *Ga.* 889 (172 S. E. 32). It follows that there is no merit, therefore, in the contention of the defendant insurance company that "there was no common right or cause of action in the plaintiffs below," and if the "policies were valid and binding as to the assured as well as the mortgagee, the right of action was in the assured . . alone." There was no misjoinder of parties plaintiff.

The policies of insurance sued on provided that "This entire policy shall be void . . if the interest of the insured in the property be not truly stated herein," and also that "This entire policy, unless otherwise provided by agreement endorsed herein or

added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." The interest of the Winder Building & Loan Association, the holder of the first security deed on the property covered by said insurance, was set out in the policies, and a New York standard mortgagee clause therein provided that such holder should be paid as its interest might appear. The petition alleges the interest of the building and loan association. As to this security deed the policies sued on were, of course, not voided. However, the petition shows that there was another security deed against said property, outstanding at the time the insurance was obtained, which was on November 21, 1931, and this was a security deed for $200 in favor of Mrs. J. J. Bridges, the immediate predecessor in title of the insured, dated November 12, 1930. It has been repeatedly held by this court that a policy of fire insurance, containing a provision that if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be on ground not owned by the insured in fee simple, is void if the insured be not the sole and unconditional owner of the property covered by the policy, together with the land on which the building is situated. A security deed conveys the fee-simple title out of the grantor. *Northwestern Fire &c. Ins. Co.* v. *Bank of Thomasville,* 38 *Ga. App.* 32 (142 S. E. 212) ; *Security Ins. Co.* v. *Jackson,* 43 *Ga. App.* 13 (158 S. E. 457) ; *Columbia Fire Ins. Co.* v. *Tatum,* 46 *Ga. App.* 475 (167 S. E. 911). In these circumstances, it appearing from the petition and exhibits attached thereto that the above conditions in the policies of insurance in this case had been violated, the policies sued on were void and unenforceable as to the insured. The petition presented no question of estoppel or waiver on the part of the insurer, as was in the case of *Blackstock* v. *Jefferson Ins. Agency,* 23 *Ga. App.* 642 (99 S. E. 142) ; or of a void security deed, as was in the case of *Hurley* v. *National Ben Franklin Fire Ins. Co.,* 46 *Ga. App.* 515 (167 S. E. 917). If the pleadings of the plaintiffs showed that the insured was not entitled to recover, it follows that the court erred in overruling the general demurrer thereto, at least in so far as the insured was concerned.

In what position does this leave the other plaintiff, the holder of the first security deed, whose rights and interest in the property

were recognized by the insurance company at the time of the issuance of the policies sued on? The New York standard mortgagee clause "operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy, even though the circumstances were such as would prevent a recovery by the mortgagor." *Southern States Fire &c. Ins. Co. v. Napier*, 22 *Ga. App.* 361 (96 S. E. 15) ; and see *Equitable Fire Ins. Co. v. Jefferson Standard Fire Ins. Co.*, 26 *Ga. App.* 241 (105 S. E. 818). However, the insurance company contends that the holder of the first security deed is not entitled to recover in this case, under the pleadings, on account of the existence of said security deed in favor of Mrs. Bridges, the petition not showing that the holder of this first security deed did not know of the existence of said second security deed at the time of the issuance of the policy sued on, and did not notify the insurer thereof, the policies sued on providing that the "loss or damage, if any, under this policy, shall be payable to the Winder Building and Loan Association, as first mortgagee, . . as interest may appear, and this insurance, as to the interest of the mortgagee . . only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee . . shall, on demand, pay the same. Provided also, That the mortgagee . . shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee, . . and, unless permitted by this policy, it shall be noted thereon, and the mortgagee . . shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void." We are of the opinion that, properly construed, these provisions contemplate any subsequent change in the title of the property, or subsequent encumbrance placed thereon by the insured, or of any other subsequent increase in the hazard, and were not meant to apply to an encumbrance or outstanding security deed existing

at the time of the issuance of the policy. Such a construction is a proper one, even if the above clauses of the policies could be said to be ambiguous, or capable of two constructions. *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296 (91 S. E. 428) ; *Hall* v. *Royal Fraternal Union,* 130 *Ga.* 820 (61 S. E. 977). As to the effect on the mortgagee of a subsequent encumbrance or alienation of the property by the insured, see *Continental Ins. Co.* v. *Anderson,* 107 *Ga.* 541 (2) (33 S. E. 887).

However, said policies contained a further provision and stipulation that if, "with the consent of this insurance company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relation to such interest as shall be written upon, attached, or appended hereto." The only construction that can be properly placed upon this provision, giving to it its plain and ordinary meaning (*Liverpool &c. Ins. Co.* v. *Georgia Auto &c. Co.,* 29 *Ga. App.* 334, 115 S. E. 138), is that it means that when an interest of a mortgagee or holder of a security deed is made a part of the insurance contract, as in the present case, the provisions of the policy as to sole and unconditional ownership, and that if the interest of the insured be other than as represented or other than unconditional, or if the title to the ground on which the building insured stands is not in the name of the insured in fee simple (except as to the interest of the mortgagee or grantee noted and recognized in the policy), the policy shall be void, shall be applicable to the interest of such mortgagee or grantee in a security deed, where the existence of such mortgage, security deed, or other lien or encumbrance which violates the condition of the policy is known to such mortgagee or grantee. The petition alleges that the property insured was owned by the insured subject to a first security deed in favor of the building and loan association, and subject to a second security deed in favor of Mrs. Bridges. There is no allegation that the grantee in the first security deed did not know of the second security deed in favor of Mrs. Bridges. So the petition, construed on demurrer, does not show that the grantee in the first security deed did not know of the existence of this second security deed, or that the insurance company had in any manner waived it.

It follows that the petition showed that both plaintiffs were not entitled to recover, and the court erred in not sustaining the general demurrer thereof. This renders the further proceedings in the case nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*