24636. NORTHWESTERN FIRE & MARINE INS. CO. *v.* WAYCROSS BUILDING & LOAN ASSOCIATION *et al.*

DECIDED MAY 23, 1935. ADHERED TO ON REHEARING, SEPTEMBER 28, 1935.

Spalding, MacDougald, Sibley & Brock, Estes Doremus, Bennett & Bennett, for plaintiff in error.

Parks, Garrett & McDonald, contra.

GUERRY, J. On June 4, 1932, the Northwestern Fire and Marine Insurance Company issued to Arthur Moore a policy of fire insurance, number 40564, in the sum of $1000, upon a described house in the City of Waycross. The policy had attached thereto a loss-payable clause (the New York standard clause) payable to the Waycross Building and Loan Association "as their interest may appear." The title to the property insured was held by the Waycross Building and Loan Association by virtue of a deed to secure a debt, executed in 1927, and there was due the building and loan association on August 4, 1932, by Arthur Moore the sum of $710.60, evidenced by promissory notes. Under the terms of the security deed, Moore was to keep the property insured for the benefit of the Waycross Building and Loan Association. On the night of August 4, 1932, the premises were totally destroyed by fire. Some days prior to this date the defendant company had decided to withdraw

from Waycross and cancel all policies written in that locality, and so notified its agent in Waycross, Mr. Lott. During the morning of August 4, Mr. Lott tried to locate Mr. Moore, but found that he was out of the city. He then went to the offices of the Waycross Building and Loan Association for the purpose of obtaining the policy. He found Miss Elliston, assistant secretary of the association, in charge. She kept up with insurance policies of the association. Lott stated to Miss Elliston that he desired to take up Mr. Moore's Northwestern policy, and she thereupon delivered it to him. Miss Elliston and Mr. O'Quin, president of the association, operated, separately and apart from the business of the association, an insurance agency known as the Ware Insurance Agency. Miss Elliston, understanding that the policy in the Northwestern was to be immediately canceled, wrote another policy on the same property in the Mechanics Union Insurance Company. Moore had no notice of this surrender, nor had he authorized any one to surrender his policy. He had no notice of the policy in the Mechanics Insurance Company. Mr. Lott, when he received delivery of the policy of the Northwestern Company, notified Mr. Moore of its cancellation by letter. This letter was received by Moore on August 6, two days after the property was destroyed. Some time later Mr. Moore filed a claim with the defendant company for the loss, and on December 28, 1932, he received a draft from the defendant for $244.35, which recited that it was given "in full settlement, final satisfaction, and compromise of all claims and demands of Arthur E. Moore against the Northwestern Fire and Marine Insurance Company for loss or damage occasioned by fire to the property described in policy number 40564." Some time later this suit was brought in the name of Arthur E. Moore and Waycross Building and Loan Association as plaintiffs. The plea of the defendant was in effect that it had paid Moore in full all that was due him, and that there was a cancellation of the policy as to the interest of the Waycross Building and Loan Association, and also a double insurance of the property by them, which would avoid the policy if no cancellation had been effected. At the conclusion of the testimony the court overruled a motion made by the defendant to strike Arthur E. Moore as a party plaintiff. The court directed a verdict for plaintiffs in the sum of $710.62, the amount sued for. Exceptions are taken to this action of the court.

A decision of the questions here presented necessarily involves a consideration and construction of the relation of the parties in an insurance policy, where there is an insured principal and a third party to whom a part of any amount which may become due thereunder is to be paid. It is not contended by defendant company in this case that there was any cancellation of the policy as to Arthur E. Moore; for it is undisputed that Moore knew nothing of any attempt along this line until two days after the fire. The Waycross Building and Loan Association had no authority to do any act that could bind Moore, and as to Moore the policy was in full force and effect at the time of the loss. The question presented then is, may the company by a settlement in full with Moore for any amount coming to him by reason of the destruction by fire of the property insured, plead, in a suit brought by Moore and the mortgagee, and sustain a plea, that the policy had been canceled as to the interest of the mortgagee? It will be borne in mind that Moore, the insured, still has outstanding against him the notes he had given to the Waycross Building and Loan Association, which notes were secured by a deed to the property destroyed. "In a policy of insurance a loss-payable clause which contains a stipulation to pay a named mortgagee to the extent of his interest in the policy does not amount to an assignment of the policy, but is a provision merely that the mortgagee is an appointee to collect the insurance money due to the insured in case of loss; and the mortgagee must claim in the right of the insured, and not in his own." *Northwestern National Ins. Co.* v. *Southern States Phosphate &c. Co.,* 20 *Ga. App.* 506 (93 S. E. 157), and cit. Mortgagor and mortgagee each has an insurable interest in the property. On a policy containing a loss-payable clause "the rights of the mortgagee" can not be affected by any act or adjustment made, without his knowledge, by the insured with the insurer. 26 C. J. 440. The New York standard clause, attached to the policy in the present case, provides that, "as to the interest of the mortgagee only herein," the insurance shall not be invalidated by any act or neglect of the mortgagor or owner, nor by any change in the title. "Where to the policy of insurance there is attached in favor of the mortgagee what is known as the 'New York standard mortgagee clause,' by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the

part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy, even though the circumstances were such as would prevent a recovery by the mortgagor. 13 Am. & Eng. Enc. Law, 205; 2 Cooley's Briefs on Insurance, 1228, 1525." *Southern States Fire &c. Ins. Co.* v. *Napier, 22 Ga. App.* 361 (96 S. E. 15). See also *Trust Co. of Ga.* v. *Scottish Union & Nat. Ins. Co.,* 119 *Ga.* 672 (46 S. E. 855); *Equitable Fire Ins. Co.* v. *Jefferson Standard Life Ins. Co.,* 26 *Ga. App.* 241 (105 S. E. 818). A suit by the mortgagee for his interest under the policy must be brought in the name of the insured, under the authority of *Northwestern Nat. Ins. Co.* v. *Southern States Phos. &c. Co.,* supra. Therefore it was not error to refuse to strike the name of Moore as a plaintiff. It is clear, under the provisions of the loss-payable clause attached in the present policy, that the insurer could not cancel the policy except by consent of the parties, without giving to the insured five-days notice in writing of its intention to cancel and ten-days notice to the mortgagee. The mortgagor could not consent to a cancellation that would bind the mortgagee as to its interest, without its consent; neither could the mortgagee consent to a cancellation that would bind the insured without his consent.

In *Wright* v. *Continental Ins. Co.,* 117 *Ga.* 500, 499 (43 S. E. 700), Wright, after having accepted a settlement from the insurance company of a loss, attempted to sue for the use of another party, "who was no party to the contract of insurance." It was there held that he could not maintain such an action. In the present case the Waycross Building and Loan Association is a party to the insurance contract, and is entitled to bring an action only in the name of the insured. The settlement by Moore of his claim against the company did not affect the right of the mortgagee to bring an action on the policy and join Moore therein. The mortgagee had an insurable interest in the property, which was being protected by Moore under the terms of his contract or deed to secure debt. Did the Waycross Building and Loan Association have the right to consent to a cancellation of its claim under the policy; and if so, without more, did it absolve Moore from his obligation in his indebtedness to it? The defendant contends that the policy

as to the mortgagee is canceled by the mortgagee's act in surrendering the policy and having other insurance issued on the same property, and that, having paid to Moore all that he was entitled to under the policy, the insurer's liability is at an end. Moore agrees that as to any money coming to him under the policy his claim is satisfied, but that he still remains liable to the mortgagee by reason of his note and security deed. We are of the opinion that Moore, with full knowledge of the facts, accepted the amount due him under the policy and relieved the defendant of any further obligation to him thereunder, except that he was a necessary party plaintiff in any action brought by the Waycross Building and Loan Association to enforce its rights thereunder. We hold further that the act of the Waycross Building and Loan Association in surrendering the policy for the purpose of cancellation and having other insurance issued thereon amounted to a cancellation by it of its interest therein, and it may not now recover against the insurance company. We are not now called on to decide the result of such action of the Waycross Building and Loan Association in respect to its claim against Moore. We are confronted with a state of facts whereby the insured and mortgagee, under an insurance policy, have each by independent action relieved the insurer of liability to them. We not only think that the judge erred in directing the verdict for plaintiff, but hold that the evidence demanded a verdict for the defendant. The evidence demanded a finding that an authorized agent of the Waycross Building and Loan Association surrendered the policy sued on, to be canceled; and because of this action other insurance was taken out in another company on the same property for its benefit. Therefore the verdict should have been for the defendant.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J. In my opinion, under the facts of the case neither of the plaintiffs was entitled to recover, for the following reasons: Before the loss, the policy of insurance had been canceled by the insurance company with the consent and co-operation of the Waycross Building and Loan Association. It is immaterial whether the agent of that association who handled the matter for her principal was authorized to do so, since her action in so doing was thereafter substantially approved and ratified by the associa-

tion. And Moore, after he had knowledge of the cancellation, accepted payment from the insurance company and gave to the company a written release as to his interest under the policy. Furthermore, if no cancellation were effected, additional insurance had been placed upon the property, with the knowledge of the Waycross Building and Loan Association and in violation of a provision of the policy sued on. I agree that a verdict in favor of the defendant was demanded.