39237.   CITIZENS FINANCE COMPANY v.
INSURANCE COMPANY OF ST. LOUIS.

DECIDED FEBRUARY 28, 1962.

*Kimzey & Crawford,* for plaintiff in error.

*Smith, Oliver, Johnson & Bostick, Woodruff, Latimer, Savell, Lane & Williams, Benj. B. Blackburn, III,* contra.

CARLISLE, Presiding Judge.   Insurance Company of St. Louis issued its policy of automobile collision insurance to Maurice Young on April 30, 1959, covering Young's 1959 Mercury automobile, said policy bearing the No. DC 1 61 29 and issued by Joe Redwine Insurance Agency.   Thereafter, on September 10, 1959, Young executed a "loan note and bill of sale" to Citizens Finance Company, Inc., of Cornelia, Georgia, conveying said automobile as security for the payment of a $1,200 loan.   On the same date a loss payable clause "attached to and forming a part of policy No. DC 1 61 29" was issued by Insurance Company of St. Louis to Maurice Young, showing Citizens Finance Company of Cornelia, Georgia, as the lienholder. This indorsement carried the provision, "Loss or damage, if any under this policy shall be payable as interest may appear to Citizens Finance Company, Cornelia, Georgia, and this insurance as to the interest of the  .  .  .  mortgagee  .  .  . (herein called the lienholder) shall not be invalidated by any act or neglect of the  .  .  .  mortgagor or owner of the within described automobile.  .  ."   Thereafter, during the month of December, 1959, the insured automobile was declared a total loss as the result of damages sustained in an automobile collision and the defendant settled the claim of Maurice Young

under the insurance policy by paying to him the sum of $2,525, the actual cash value of the automobile, less $100, as provided by the terms of the policy. Plaintiff brought suit alleging the foregoing facts against the insurance company to recover $1,200, the amount of the indebtedness due it by Young, plus 25 percent damages, interest and attorney's fees, and further alleging therein that it "discovered on or about April 1, 1960," that the automobile had been damaged and that the proceeds of the policy had been paid by the defendant to Young. Defendant filed demurrers to the petition, contending that the plaintiff could not recover the amount sued for or any sum of the defendant, and further, that the facts alleged in the petition show that any suit upon the contract of insurance must be brought in the name of Maurice Young, who was the named insured, as shown by the memorandum of insurance attached as an exhibit to the petition. These grounds of demurrer were sustained by the trial court with leave to the plaintiff to amend. The plaintiff declined to amend and the court, by subsequent order, dismissed the petition. The exception here is to that judgment.

"As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." *Code Ann.* § 3-108. However, it has been held that "a mortgagee may maintain an action at law, in his own name alone, for loss under an insurance policy payable to him as his interest may appear, when the amount of his debt exceeds or equals the value of the insurance, and the mortgage embraces all of the insured property which was destroyed." *Trust Co. of Georgia v. Scottish Union &c. Ins. Co.,* 119 Ga. 672 (1) (46 SE 855). In that case it appeared that the named insured in the insurance policy, after the destruction of the property insured, had left the State without undertaking to collect the insurance and without satisfying the mortgage indebtedness, and the only remedy left to the mortgagee in such circumstances was that it bring a direct action in its own name. In *Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App. 361, 362 (2) (96 SE 15) this court, after noting that a policy con-

taining what is known as an ordinary or open mortgage clause merely providing that loss, if any, shall be paid to the named mortgagee as his interest may appear amounts to no more than naming the mortgagee as an appointee of the fund, went on to say: "But where to the policy of insurance there is attached in favor of the mortgagee what is known as the 'New York standard mortgagee clause,' by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor. 13 Am. & Eng. Enc. Law, 205; 2 Cooley's Briefs on Insurance, 1228, 1525."

Considering these two rulings together, it would seem that the present action by the mortgagee in its own name is properly maintainable, but this court, in *Equitable Fire Ins. Co. v. Jefferson Standard Life Ins. Co.*, 26 Ga. App. 241 (105 SE 818), and again in *Northwestern Fire &c. Ins. Co. v. Waycross Building &c. Assn.*, 51 Ga. App. 857, 860 (181 SE 509), reiterated the ruling in *Trust Co. of Georgia v. Scottish Union &c. Ins. Co.*, 119 Ga. 672, supra, and expressly limited the right of the mortgagee to sue in its own name to those cases where the amount of the mortgage debt equals or exceeds the amount of the insurance coverage afforded by the policy. However, in this case, after the insurance company has settled and discharged its obligation to the mortgagor, its only liability remaining on the policy of insurance containing the loss payable indorsement here in question was the amount of the mortgagor's indebtedness to the mortgagee. So, when suit was brought by the mortgagee in this case, the amount of the debt at least equalled the amount of the insurance coverage remaining by virtue of the mortgage clause indorsement and the mortgagee, under the rule announced in this latter case, should have been permitted to prosecute its action against the insurance company in its own name.

The defendant contends that the action must be brought in the name of the mortgagor and named insured suing for the use of the mortgagee. But, "Where a suit is brought in the name of one person suing for the use of another a cause of action must be shown to exist in favor of the nominal party." *Cutright v. National Union Fire Ins. Co.*, 65 Ga. App. 173 (2) (15 SE2d 540). In the instant case, assuming the facts alleged to be true, the defendant insurance company has fully settled and satisfied all the claims of the mortgagor and no cause of action on the insurance policy exists in him. Obviously, the mortgagee has a contractual right which it is entitled to enforce. Otherwise, under the facts of the case as alleged in the petition here, the provision of the loss payable clause that the insurance on the interest of the mortgagee shall not be invalidated by any act of the mortgagor would be rendered utterly ineffectual where an insolvent mortgagor, after loss or damage or complete destruction of the mortgaged and insured property, settles with the insurance company for the full amount of the loss without the knowledge of the mortgagee.

No question is presented by the assignments of error or by the demurrers filed as to whether the mortgagor, Maurice Young, should have been made a party defendant. Furthermore, questions as to whether there is a proper joinder of parties, plaintiff or defendant, to the cause of action constitute waivable defenses which must be raised at the first opportunity. *Hogan v. Morris*, 7 Ga. App. 232 (4) (66 SE 550). And the defendant here, having, under the allegations of the petition, failed to raise that question upon the presentation and payment of the claim of Maurice Young, ought not now to be heard to raise that question when one who (under its contentions) should have been a party to such proceeding was, through the defendant's negligence, omitted as a party to that settlement. See generally in this connection 29A Am. Jur. 709, Insurance, § 1624; Anno. 38 ALR 383, 388; 111 ALR 697, 698.

It follows that the judge of the superior court erred in sustaining the demurrers and thereafter dismissing the petition.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*