43034.   EMPLOYERS' FIRE INSURANCE COMPANY v. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY et al.

ARGUED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 15, 1967—
REHEARING DENIED OCTOBER 4, 1967.

434

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellant.

*Woodruff, Savell, Lane & Williams, A. Ed Lane, James R. Dollar, Jr., Robert J. Noland, Jean E. Johnson, Sr.,* for appellees.

Eberhardt, Judge. ■ A motion to dismiss has been filed on the ground that the record was not timely filed with this court. It is asserted that the certificates of the clerk of the trial court show that the delay was caused by failure of appellant to pay the costs until the last day of the twenty-day period allowed the clerk to prepare and transmit the record under § 12 (a) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 28, as amended by Ga. L. 1966, pp. 493, 497; *Code Ann.* § 6-808 (a)).

Assuming that appellant was required to pay the costs at some date earlier than the 20th day after the filing of the notice of appeal, and that the clerk could not begin preparation of the record until costs were paid, and that the certificates of the clerk of the trial court can properly be construed as stating that failure to pay the costs earlier caused the sixteen-day delay in transmitting the record, the case was nevertheless docketed for the September calendar just as it would have been had the record been transmitted on the 20th day or even on the date the notice of appeal was filed. Accordingly the motion to dismiss is denied. *Hornsby v. Rodriguez,* 116 Ga. App. 234 (1) (156 SE2d 830).

■ It is not seriously contended that Kovacs had no insurable interest in the Summers Road property. Since he had made no conveyance to Thompson, he held title, if only bare legal or record title. But whether he held title or not, he was indebted to Douglas County Federal, and the property which burned was security for that indebtedness. Accordingly Kovacs had an insurable interest in the property. Insurance Code § 56-2404 (Ga. L. 1960, pp. 289, 657; *Code Ann.* § 56-2404); *Pike v. American Alliance Ins. Co.,* 160 Ga. 755 (129 SE 53). Cf. *Motors Ins. Corp. v. Turner,* 96 Ga. App. 6 (99 SE2d 503).

■ The remaining question is whether Kovacs' request for cancellation of the Pennsylvania Millers' policy effectively canceled it as to the mortgagee, Douglas County Federal.[1] If not,

---

[1]It is virtually conceded by Employers' that Pennsylvania Millers' policy was canceled as to Kovacs. *DeLaPerriere v. American Home Assur. Ins. Co.,* 106 Ga. App. 516 (127 SE2d 478), prescribes such a holding although the policy may not have been surrendered and the return premium received.

then Pennsylvania Millers' policy was in force as to the mortgagee, and proration of the loss to the extent of the indebtedness (up to $10,000, the stipulated amount of the loss) would be in order.

Special Condition 6 of Pennsylvania Millers' policy (mortgagee clause) provides: "Loss or damage . . . under this policy shall be payable to the mortgagee . . . named on the first page of this policy [Douglas County Federal], as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee . . . , and *this insurance as to the interest of the mortgagee . . . shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property,* nor by any foreclosure or other proceeding or notice of sale relating to the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. . ." (Emphasis supplied.)

Under such a New York standard, or union mortgage clause, "it is considered that the insurer has entered into a separate contract with the mortgagee, and the mortgagee cannot be affected by any act or defualt of the mortgagor. *Mechanics Ins. Co. v. Goodwin,* 48 Ga. App. 823, 826 (174 SE 160); *Northwestern Fire &c. Ins. Co. v. Waycross Bldg. & Loan Assn.,* 51 Ga. App. 857, 859-860 (181 SE 509); 5 Appleman [Insurance Law and Practice],'557, 559, § 3401; 124 ALR 1034." *Insurance Co. of North America v. Gulf Oil Corp.,* 106 Ga. App. 382, 385 (127 SE2d 43). "[W]here to the policy of insurance there is attached in favor of the mortgagee what is known as the 'New York standard mortgagee clause,' by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor." *Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App. 361, 362 (2) (96 SE 15). See also 11 Couch on Insurance 2d, 344, 348, §§ 42:685, 42:694.

Since an independent contract of insurance engrafted upon the main insurance contract existed for the benefit of the mortgagee, Douglas County Federal, the unilateral act of Kovacs in requesting a cancellation of the policy without its consent and without written notice as provided for by various other policy provisions could not effect cancellation of Pennsylvania Millers' policy as to the mortgagee. Gilman v. Commonwealth Ins. Co., 112 Me. 528 (92 A 721); 11 Couch on Insurance 2d, 362, § 42:714. Cf. *Northwestern Fire &c. Ins. Co. v. Waycross Bldg. & Loan Assn.*, 51 Ga. App. 857, supra; *Citizens Finance Co. v. Insurance Co. of St. Louis*, 105 Ga. App. 422 (124 SE2d 676).

Moreover, it is provided in the Insurance Code (*Code Ann.* §§ 56-2430, 56-2430.1) that in order for a company to effect cancellation of a policy which protects the interest of a lienholder, notice of the cancellation must be delivered or mailed to the lienholder at its last known address as shown in the policy. This provision contemplates *written* notice.

But Pennsylvania Millers urges that since it is alleged in Paragraph 15 of the petition, and admitted in the answers of Thompson, Kovacs and Douglas County Federal, that "Thompson did on January 28, 1966, contact Mr. Willie W. Yates of the Douglas County Federal Savings & Loan Association and advise him that he understood that there had been no insurance on the Summers Road property in Paulding County since December 7, 1965, and requested that Mr. Yates obtain insurance on the property," and that thereafter Employers' Fire Insurance Company did on January 28 issue its policy, and that it was stipulated that this policy was issued to Kovacs with loss payable to Douglas County Federal, it must follow that Douglas County Federal had actual knowledge of the cancellation of Pennsylvania Millers' policy, obviating necessity for the statutory notice.

Assuming that under these facts actual notice would obviate the necessity for giving the statutory notice of cancellation, the facts alleged and stipulated are not sufficient to show actual notice to Douglas County Federal. "In order to impute to a corporation notice or knowledge acquired by one of its officers or agents, the information must have been acquired while such

officer or agent with reference to the subject matter of his agency was 'acting for it in connection with its business, and within the scope of his agency.'" *Georgia Power Co. v. Kinard,* 47 Ga. App. 483, 487 (170 SE 688). It does not appear from the allegations or the stipulation here whether Mr. Yates was an officer or agent of Douglas County Federal, nor whether any information relative to cancellation of the Pennsylvania Millers' policy came to him when he was acting for the association in connection with its business, and within the scope of his agency.

It does not appear whether Thompson assumed the payment of the balance of the loan outstanding from Kovacs or, if so, whether Douglas County Federal was holding both Kovacs and Thompson for the obligation or had consented to a substitution of debtors, nor whether it had consented or agreed to accept a substitution of the policy of Employers' Fire Insurance Company for that of Pennsylvania Millers.

Consequently, under this record, we can only conclude that both policies were in full force and effect when the house burned, and the judgment must be

*Reversed. Felton, C. J., and Hall, J., concur.*