43809. PENNSYLVANIA MILLERS MUTUAL
INSURANCE COMPANY v. EMPLOYERS'
FIRE INSURANCE COMPANY et al.
43810. EMPLOYERS' FIRE INSURANCE COMPANY v.
PENNSYLVANIA MILLERS MUTUAL INSURANCE
COMPANY et al.

SUBMITTED JULY 2, 1968—DECIDED SEPTEMBER 26, 1968—
REHEARING DENIED NOVEMBER 14, 1968.

*Woodruff, Savell, Lane & Williams, A. Ed Lane,* for Penna. Millers.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for Employers' Fire.

*Jean E. Johnson,* for Kovacs.

*James R. Dollar, Jr., Robert J. Noland,* for Douglas County Federal.

QUILLIAN, Judge. ■ Pennsylvania Millers contends that the

evidence showed that Douglas Federal had received actual notice of its intent to cancel so as to obviate the necessity of written notice required under *Code Ann.* §§ 56-2430 (Ga. L. 1960, pp. 289, 671; 1967, p. 653) and 56-2430.1 (Ga. L. 1964, p. 335); that the evidence also established that Willie Yates when he received such information was acting as an agent of Douglas Federal and within the scope of his employment. Thus, it is contended by Pennsylvania Millers that the ruling upon the former appearance of this case is not controlling here and that instead judgment should have been rendered in its favor.

*Code Ann.* § 56-2430 provides: "Notices of cancellation of policies protecting the interest of the insured and any lienholder shall be delivered or mailed to the last addresses of record as provided herein to the insured and to the lienholders shown in the policy and shall specify when, *not less than 10 days* or such longer period as may be provided in the contract or by the statute, the cancellation shall become effective." (Emphasis supplied.) According to the record Thompson communicated with Yates on January 28, 1966, and the loss occurred on the night of February 2 or the morning of February 3, 1966. Therefore, even if this be considered as equivalent to a written notice of cancellation under the provisions of the Code section, such cancellation would not have been effective until at least February 7, 1966, four days after the loss occurred. Since written notice of the cancellation would not have been effective prior to the occurrence of the loss, any actual notice could not have accomplished a prior cancellation and Pennsylvania Millers' policy was still in effect at the time of the loss.

Moreover, the evidence shows that Yates as agent for Douglas Federal was not informed of any cancellation of that policy but, as he explained it, acted under a misapprehension as to the termination date of the policy when he procured new insurance on the property. We also point out that even assuming that Douglas Federal might have consented to an earlier cancellation than the 10 days required by statute, there is no evidence to that effect. Thus, there being a showing that no notice of cancellation was given to Douglas Federal within the purview of *Code Ann.* § 56-2430, the ruling when the case was

previously in this court is controlling here. *Employers' Fire Ins. Co. v. Pennsylvania Millers &c. Co.*, 116 Ga. App. 433, supra.

The judgment was not error for. the reasons assigned.

■ The second headnote requires no elaboration.

■ Employers filed a cross appeal from an order overruling its objections and the amplification of objections to an amendment to the petition for declaratory judgment and from an order overruling its objections to plaintiff's request for admission of facts. Since the main appeal is affirmed and a ruling on the cross appeal would be of no benefit to the cross appellant, the cross appeal is dismissed.

*Judgment on main appeal affirmed. Cross appeal dismissed. Bell, P. J., and Hall, J., concur.*

ON MOTION FOR REHEARING.

When this case was previously before the court, it was held: "The remaining question is whether Kovacs' request for cancellation of the Pennsylvania Millers' policy effectively canceled it as to the mortgagee, Douglas County Federal. If not, then Pennsylvania Millers' policy was in force as to the mortgagee, and proration of the loss to the extent of the indebtedness (up to $10,000, the stipulated amount of the loss) would be in order." *Employers' Fire Ins. Co. v. Pennsylvania Millers*, 116 Ga. App. 433, 435 (157 SE2d 807). The court found that: "Since an independent contract of insurance engrafted upon the main insurance contract existed for the benefit of the mortgagee, Douglas County Federal, the unilateral act of Kovacs in requesting a cancellation of the policy without its consent and without written notice as provided for by various other policy provisions could not effect cancellation of Pennsylvania Millers' policy as to the mortgagee." *Employers' Fire Ins. v. Pennsylvania Millers &c. Co.*, 116 Ga. App. 433, 437, supra.

In support of the position this court noted that the Insurance Code (*Code Ann.* §§ 56-2430 (Ga. L. 1960, pp. 289, 671; 1967, p. 653) and 56-2430.1 (Ga. L. 1964, p. 335)) requires written notice to effect the cancellation of a policy which protects the interest of the lienholder.

It is thus apparent that the question of the application of

the cited Code section was determined adversely to the contentions of movant in the prior decision of this case.

*Rehearing denied.*