19387. WALKER COUNTY FERTILIZER CO. INC. *v.* NAPIER.

Decided October 1, 1929.

392

*David F. Pope,* for plaintiff.

*Wright & Davis, T. R. Gress,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) So far as this case is concerned, the defendant makes no attack upon the legal regularity of the trial or the validity of the verdict and judgment against him. He moves to set aside the judgment solely upon the ground that before the trial of the case it had been agreed between him and the plaintiff's attorneys that the "suit would not

be tried, but would be settled with the payment of $400," and that the defendant, relying upon this agreement, failed to appear at the trial, either by himself or by his attorneys. The defendant, in attacking the judgment and asking that it be set aside, of course, must carry the burden of proof.

The trial judge, in passing upon motions to set aside judgments, has a broad discretion. It is a legal discretion, however, and can be exercised only upon legal grounds. *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2) (35 S. E. 168) ; *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39). If there is no evidence which authorizes the setting aside of a judgment, a judgment setting it aside is illegal and can not be permitted to stand. If a defendant has been misled by opposing counsel and thereby induced to refrain from attending the trial and defending the suit, either in person or by attorney, the setting aside of the judgment rendered against him under such circumstances might be sustained if it were based upon meritorious and legal grounds. Where, however, a defendant, without having been misled by the plaintiff, or by any one with supposed authority to speak for the plaintiff, into believing that a trial would not be had and that it would not be necessary for the defendant or his counsel to be present in court on the date set for the trial, but where the defendant knew that the case had been set for trial on a certain date in the future, and relied upon a mere executory agreement of settlement which had not been accepted by the plaintiff in accord and satisfaction, and therefore would not amount to a settlement of the case until the sum agreed on had been actually paid to the plaintiff or some one authorized to receive it in the plaintiff's behalf, the defendant was not deceived and induced to refrain from appearing at the trial, either in person or by his attorneys, and therefore has no meritorious ground upon which to set the judgment aside.

We have produced in the statement of facts the salient portions of the testimony relating to the ground upon which is based the motion to set aside the judgment. Taking the defendant's own testimony and that of his attorney, without reference to the testimony adduced by the plaintiff, there is found nothing to authorize the conclusion that the defendant was deceived by any one representing the plaintiff or who the defendant might suppose represented the plaintiff, and thereby induced to believe that the case would not

be tried at the date set, in the absence of actual payment of the sum agreed upon in settlement of the case. The defendant admits that prior to the time when he claimed to have been misled and induced to remain away from court on the date the judgment against him was rendered, he received from one of the attorneys for the plaintiff a letter in which the attorney informed him that if he did not "within a few days" send a check to the attorney for the amount of the settlement agreed upon, the attorney would proceed to have the case "definitely set for trial," and that the writer expected to receive from him a "remittance this week." The defendant relies both upon the existence of this agreement to settle, and also upon a conversation which, a few days before the trial of the case, he had with Mr. Thomas G. Lewis, one of the original counsel for the plaintiff, and who, the defendant in his testimony assumed, was at the time still counsel for the plaintiff. This conversation, in the words of the defendant, is as follows: "Affiant [i. e. the defendant] went to Seattle, Washington, [and] shortly after his return he was informed by Mr. Thomas G. Lewis . . . that the case would be tried at the next term of court. Mr. Lewis stated that he thought the court would happen on a Monday, something more than a week from that time, and this affiant told him he would be ready to carry out the settlement. In the meantime affiant had notified Mr. Wright, of the firm of Wright & Davis, . . that he need not attend court at Decatur, that the case was to be adjusted and settled as agreed upon. Mr. Lewis unintentionally misled affiant. Affiant heard no more of the case until early Monday morning, the 17th day of September, 1928, when Mr. Lewis telephoned him from the court-house at Decatur that he was out there and that the case was to be called that morning."

Thus it appears from the defendant's own testimony that he, several days beforehand, was aware of the date upon which the case was set for trial. It also appears from the testimony of the defendant's counsel, Mr. Wright, that he was present at the July, 1928, term of the court, and the case was continued to September 17, 1928, by special order of the court, and that Mr. Wright conferred with the defendant about ten days prior to September 17, 1928 (the day upon which the judgment was rendered), with reference to the trial of the case, and that the defendant then informed

him that a settlement had been agreed upon. When the defendant had the conversation with Mr. Lewis, both the defendant and his attorney, Mr. Wright, knew that the case had been set for trial at the approaching term of court. Mr. Lewis, in this conversation, as stated by the defendant, said nothing which could have misled the defendant into the belief that the case would not be tried upon the date set, but, on the other hand, notified the defendant that the case would be tried at the next term of court. According to the defendant's testimony relative to his conversation with Mr. Lewis, prior to the date set for the trial of the case, the only reference made in this conversation to any settlement of the case was the defendant's statement to Mr. Lewis, in reply to Mr. Lewis's state-ment that the case *would be* tried, was that the defendant "would be ready to carry out the settlement." The defendant knew from the letter dated May 3, 1928, which he admitted he had received from the plaintiff's attorney, Mr. Pope, that Mr. Pope had set a limit upon the time within which the defendant should make payment of the sum agreed upon in settlement, in default of which the plaintiff would proceed to have the case set for trial. This letter clearly indicated that the offer of settlement by the plaintiff's attorneys might not remain open. If the agreed settlement constituted a valid contract which the defendant could have pleaded in accord and satisfaction, or could have discharged by a tender of the money, he could not have availed himself of any defense inhering in this agreement unless he urged it at the trial. The plaintiff could, as a physical fact, have refused at any time to accept a tender and could have forced the defendant to the necessity of asserting his rights in court. The existence of this agreement, in the face of the plaintiff's insistence upon a trial and the approaching date of the trial being known to the defendant, certainly was no invitation to the defendant to ignore the date of the trial and remain away from court. Whatever assurance the defendant may have felt in his own mind that the plaintiff's counsel would at any time accept the agreed sum in settlement of the case and thus dispense with the necessity of a trial, the defendant, with knowledge of the approaching date of the trial, deferred a tender of this amount until the very day upon which the trial was set, and then made the tender, too late for him to be present at the trial of the case, or he voluntarily refrained, after the refusal of the plaintiff

to accept the tender, to appear and defend the case. In any event the defendant did not appear at the trial, either by himself or by his attorney. He permitted the case to be tried and a judgment obtained in his absence, after he had had ample notice of the time and place of the trial. It therefore does not appear that the defendant's failure to appear and defend the case upon the date of the trial was due to any misleading conduct on the part of the plaintiff or the plaintiff's counsel, or any one else, or could be justified on the mere existence of the agreement to settle.

Under the defendant's own testimony and that of his counsel, there appears no ground which could legally authorize the trial judge to set aside the judgment rendered against him.

Moreover, it appears from other undisputed testimony, that when Mr. Lewis had the conversation referred to with the defendant, Mr. Lewis's connection with the plaintiff as attorney had been severed, and that this fact had been made known to the defendant. Mr. Lewis, in his testimony, stated that prior to the time when associate counsel at the July term, 1928, had the case set for trial at the September term, he surrendered to the associate counsel all the papers relative to "the trial" of the case. Neither Mr. Lewis nor the defendant testified that, in the conversation which they had a few days prior to the date of the trial, Mr. Lewis, in dealing with the defendant, was acting in the capacity of attorney for the plaintiff. Nowhere in Mr. Lewis's testimony did he claim to be attorney for the plaintiff or that he so acted when he had the conversation referred to with the defendant upon the eve of the trial of the case. The defendant, therefore, in dealing with Mr. Lewis, must have known that Mr. Lewis at the time was not of counsel for the plaintiff.

The defendant is a highly honored and respected official of this State, and he enjoys the unbounded confidence and esteem of every one, including the judges of this court. We are satisfied that in whatever he did he acted in the best of faith. Under the undisputed evidence, which we have carefully reviewed, we can only come to the conclusion that there was presented to the trial judge no meritorious ground upon which the judgment could be legally set aside. The trial judge therefore erred in setting aside the judgment.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*