A06A0232, A06A0233. KENT v. A. O. WHITE, JR., CONSULTING
ENGINEER, INC. (two cases).

(631 SE2d 782)

MILLER, Judge.

A. O. White, Jr., Consulting Engineer, Inc. ("White, Inc.") brought an action to set aside an alleged fraudulent transfer made by L. B. Kent to his daughter. Case Nos. A06A0232, A06A0233, and A06A0244 all involve appeals from orders in the underlying suit to set aside the fraudulent transfer. The Supreme Court of Georgia transferred the cases to this Court, because the cases did not involve the Supreme Court's title-to-land jurisdiction.[1] We dismissed Case No. A06A0244 as improvidently docketed, noting that the appeal of the dismissal was pending before this Court as Case No. A06A0233.

In Case No. A06A0232, Kent, who is an attorney, appeals pro se, contending that the superior court erred in: (1) dismissing his interlocutory appeal of its order substituting and adding White, Inc. as party plaintiff; (2) finding that he fraudulently conveyed the property at issue; (3) failing to dismiss White, Inc.'s suit to set aside the fraudulent conveyance since the statute of limitation had expired; and (4) enforcing a void February 22, 2002 judgment on damages. In Case No. A06A0233, Kent renews his claim of error as to the superior court's order substituting White, Inc. as a party plaintiff and once more claims that White, Inc.'s complaint to set aside the fraudulent transfer is barred by the governing statute of limitation. Discerning no error, we affirm in both cases. Also finding no reasonable ground upon which Kent might have anticipated reversal of the superior court's judgment, we impose a frivolous appeal penalty against Kent of $1,000. Court of Appeals Rule 15 (b).[2]

The record shows that White, Inc. filed its action to set aside Kent's fraudulent transfer to facilitate its execution on a February 22, 2002 judgment of $140,329.99. The state court's judgment was its second award of damages for White, Inc., and it represented the culmination of litigation that White, Inc.'s predecessor in interest, A. O. White, Jr., P.C. ("White, P.C.") had initiated in January 1997. In that suit, White, P.C. alleged that Kent failed to pay an expert witness fee that he owed to White, P.C. See *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 238 Ga. App. 792 (520 SE2d 481) (1999) ("*Kent I*").

---

[1] Given the Supreme Court of Georgia's transfer order, White, Inc.'s motions in the Supreme Court, seeking dismissal of the cases from that court for lack of jurisdiction, are moot.

[2] We note that this Court and the Supreme Court of Georgia have previously sanctioned Kent for having filed frivolous appeals with respect to the underlying litigation. *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 266 Ga. App. 822, 822-823, n. 11 (598 SE2d 113) (2004) ("*Kent V*").

In *Kent I*, the jury returned a verdict in favor of White, P.C. for breach of contract, fraud, punitive damages, and attorney fees. Id. On appeal, we affirmed the breach of contract award in the amount of $18,407.75, and, as to liability only, the jury's findings as to White, P.C.'s claims of fraud, punitive damages, and for attorney fees. We reversed, however, as to damages for those claims. Id. at 796 (7). The fitful and tortured course of the litigation that followed on remand to the state court for retrial on damages is set out in *Kent V*, supra.[3] Upon findings of fact and conclusions of law, the superior court entered judgment for White, Inc. on its complaint for fraudulent transfer, voiding and setting aside Kent's conveyance of a land lot and office building in Columbus (the "Property"), and awarding White, Inc. $29,434.50 in attorney fees, $2,685.11 in expenses, and $75,000 in punitive damages.

### Case No. A06A0232

1. Kent claims that the superior court erred in dismissing his application to appeal the order substituting White, Inc. as party plaintiff for White, P.C. Since Kent has taken a direct appeal in Case No. A06A0233 on this same issue, however, any error upon the dismissal of his application for interlocutory review is moot. OCGA § 5-6-48 (b) (3).

It is noteworthy, however, that the superior court declined to certify for immediate review its substitution order at a May 3, 2005 pretrial conference, attended by Kent and his then attorney. Notwithstanding the superior court's ruling from the bench, however, the record shows that, at the close of the conference, Kent provided the superior court with an unsigned certificate to review the substitution order, which the superior court signed by mistake. Despite the superior court's previous order that had denied Kent's application for immediate review, Kent nevertheless filed the erroneously signed certificate of review. After discovering the error, the superior court entered an order further denying Kent's request for a certificate of immediate review and voiding the erroneously signed certificate that Kent had filed.

---

[3] The litigation in this case has resulted in five prior appeals to this Court and one to the Supreme Court of Georgia. See *Kent I*, supra, 238 Ga. App. 792; *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 249 Ga. App. 893 (553 SE2d 1) (2001) (*"Kent II"*); *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 253 Ga. App. 492 (559 SE2d 731) (2002) (*"Kent III"*), overruled in part, *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. 598 (563 SE2d 178) (2002); and *Kent V*, supra, 266 Ga. App. at 822 (stating that "[t]his is the fifth time this case has been in this Court" while noting that the Court had dismissed the fourth appeal (*"Kent IV"*) and that the Supreme Court of Georgia had dismissed a sixth appeal). *Kent V* sets forth the detailed facts associated with the litigation.

The record further shows that, at its pretrial conference, the superior court provided Kent with notice that the instant suit would proceed to trial on May 9, 2005, and that counsel for Kent appeared on the trial date. Under these circumstances, Kent cannot complain that he lacked notice of the dismissal of his interlocutory appeal. Nor can he complain that the superior court proceeded to trial in his absence. *Walker County Fertilizer Co. v. Napier*, 40 Ga. App. 387, 396 (149 SE 705) (1929) (failure to appear at duly noticed trial, individually or through counsel, absent evidence indicating that the trial would not proceed, affords "no meritorious ground upon which the judgment could be legally set aside").

2. Kent next contends that the superior court erred in finding that he fraudulently transferred the Property. We disagree.

It is undisputed that on December 1, 1999, the date Kent signed the deed conveying the Property to his daughter, Margaret K. Turner, he had adequate assets to cover the full amount of the judgment in favor of White, Inc. Kent did not record the deed, however, until May 25, 2001, the day after judgment was entered in the second appearance of this case before this Court. See *Kent II*, supra, 249 Ga. App. at 898. Nor is there any dispute that Kent conveyed the Property to his daughter for no consideration, continued to use the Property as his law office throughout 2000 and 2001, paid no rent to his daughter, and, in the seven months after May 25, 2001, disposed of cash and other assets of at least $500,000. Nothing of record shows that Kent had any significant assets after January 1, 2002.

Here, the transfer occurred on the date the deed transferring the Property was recorded, May 25, 2001, and insolvency followed in the seven months thereafter. Pretermitting actual intent to hinder, delay, or defraud a creditor under OCGA § 18-2-74 (a) (1), evidence supported the trial court's conclusion that the transfer was fraudulent and must be set aside. OCGA § 18-2-75 (a); *Brown v. C & S Nat. Bank*, 253 Ga. 119, 122 (2) (317 SE2d 180) (1984).

3. Kent contends that the superior court erred in denying his motion to dismiss White, Inc.'s lawsuit as barred by the statute of limitation. Since this contention was not raised and ruled upon in the superior court, however, it is waived on appeal. See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

Even if there were no waiver, the fraudulent transfer here occurred on May 25, 2001. Division 2, supra. White, Inc. filed its complaint and action to set aside fraudulent transfer on November 24, 2003, approximately six months before the four-year statute of limitation would have run. See OCGA § 18-2-79 (2).

4. Kent further argues that the superior court's February 22, 2002 order on damages was void and unenforceable. Kent raised this identical issue in *Kent V*, supra, 266 Ga. App. at 824, however,

wherein this Court denied the claim as frivolous and further imposed a $1,000 penalty on Kent under Court of Appeals Rule 15 (b). Id. Nonetheless, Kent specifically argues that the judgment on damages is void because he had satisfied the court's previous judgment for breach of contract damages. As *Kent V* made clear, however,

> [a]s the first judgment was satisfied at the time of *Kent II*, supra, and Kent did not assert that such satisfaction rendered the second judgment void, he cannot raise the issue now. All issues which were or could have been raised in a prior appeal will not be considered in a subsequent appeal in the same case.

(Footnote omitted.) Id.

### Case No. A06A0233

5. As he did in challenging the dismissal of his interlocutory appeal in Division 1, supra, Kent contends that the superior court erred in denying his motion opposing the substitution of White, Inc. for White, P.C. He argues that after the death of its professional engineer, A. O. White, Jr., White, P.C. ceased being a professional corporation; could operate only for the purpose of liquidation; and could not continue on as the new corporate entity, White, Inc. We disagree.

Kent's claim to the contrary notwithstanding, a professional corporation does not cease to be a corporation upon being converted, as here, to a business corporation. See *Sherrer v. Hale*, 248 Ga. 793, 797 (1) (285 SE2d 714) (1982). Moreover, Kent's opposition to the complained-of substitution was untimely in that it was filed nearly ninety days after the motion to substitute was filed and two months after the superior court allowed the substitution by its January 18, 2005 order. Questions as to whether the joinder of the parties to a cause of action is proper, "constitute waivable defenses which must be raised at the first opportunity. [Cit.]" *Citizens Finance Co. v. Ins. Co. of St. Louis*, 105 Ga. App. 422, 426 (124 SE2d 676) (1962). This Kent failed to do. See Uniform Superior Court Rule 6.2 ("Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion.").

6. In light of our disposition of Case No. A06A0232, we need not consider Kent's remaining claim of error.

*Judgments affirmed in both cases. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 25, 2006 — 

*L. B. Kent*, pro se.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree*, for appellee.