**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 31, 2013

# In the Court of Appeals of Georgia

A13A0166. AMERICAN NATIONAL HOLDING CORPORATION
v. EMM CREDIT, LLC.

PHIPPS, Chief Judge.

In this interlocutory appeal, American National Holding, Inc. challenges various pretrial rulings: (i) the denial of its motion for summary judgment on a fraudulent transfer claim asserted against it; (ii) rulings resulting in a party substitution; and (iii) the denial of its motion to preclude admission of certain evidence at trial. For reasons discussed below, the summary judgment ruling is affirmed, the substitution rulings are affirmed, the evidentiary ruling is vacated, and the case is remanded for proceedings not inconsistent with this opinion.

This litigation was commenced on November 14, 2003 by a California company, NCOM, Inc. f/k/a Newcom, Inc. In its complaint, as amended, NCOM alleged that one of its former directors, Alexander Remington, had entered into a plea

agreement in September 2002, wherein he pled guilty in a federal court in California to embezzling a specified sum of money from NCOM from 1996 through early 1999; that in 2006, it (NCOM) had obtained in that court a monetary judgment (hereinafter the "California Judgment") for that amount against Remington, jointly and severally with his domestic partner and a Georgia company (Micro Equipment Corporation) of which Remington owned 95 percent of the stock.

NCOM sought in this litigation to recoup monies owed it under the California Judgment. NCOM named as defendants Remington and several associated persons and entities, including American National Holding Corporation. NCOM alleged that Remington had used the embezzled funds to purchase real and personal properties, which he then fraudulently transferred to the named persons and entities in order to avoid collection upon the California Judgment. During the course of the litigation, as we discuss below,[1] EMM Credit, LLC was substituted for NCOM. Then, on the eve of trial, American National was granted this interlocutory appeal, in which it challenges various rulings.[2]

---

[1] See Division 2, infra.

[2] See OCGA § 5-6-34 (d) (pertinently providing that, on interlocutory appeal, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the

2

1. American National contends that the trial court erred in denying its motion for summary judgment on a fraudulent transfer claim asserted against it, maintaining that the claim is time-barred.

Specifically, EMM Credit sought to set aside a deed wherein Remington transferred to American National certain real property located in Gwinnett County, Georgia. Evidence showed that Remington purchased the property on April 18, 1996, and that same day, transferred it to American National. That company had been formed several years earlier with only Remington's domestic partner and Remington's two brothers as its stockholders.

In its motion for summary judgment, American National argued that the filing of the fraudulent transfer claim on November 14, 2003 was precluded by the seven-year statute of limitation applicable to OCGA § 18-2-22. The trial court denied the motion, stating that genuine issues of material fact remained for a jury. On appeal, American National seeks reversal of that ruling, advancing two arguments.

---

appellate court, without regard to the appealability of the judgment, ruling, or order standing alone"). Cf. *Zekser v. Zekser*, ___ Ga. ___ (2) (___ SE2d ____) (2013) (Case No. S13F0408, decided June 17, 2013) (holding that, in discretionary appeals, review is "limited to the errors actually enumerated in the application").

(a) American National argues that the fraudulent transfer claim is precluded by the four-year statute of limitation applicable to the Uniform Fraudulent Transfers Act (UFTA),[3] codified at OCGA § 18-2-70 et seq. But American National did not argue that ground when pursuing its motion for summary judgment.[4] "Fairness to the trial

---

[3] In this regard, American National relies upon *Huggins v. Powell*, 315 Ga. App. 599, 601-604 (1) (726 SE2d 730) (2012), which was decided two years *after* the trial court's ruling at issue.

[4] See *Cleaveland v. Gannon*, 284 Ga. 376, 381 (2) (667 SE2d 366) (2008) (explaining that "the defense of statute of limitation[ ] is an affirmative defense" and thus, where a defendant moves for summary judgment on that ground, the defendant has the burden to show that the applicable statute of limitation bars suit); *Porex Corp. v. Haldopoulos*, 284 Ga. App. 510, 511 (644 SE2d 349) (2007) ("[A] defendant moving for summary judgment based on an affirmative defense may not rely upon an absence of evidence in the record disproving the affirmative defense.") (citation and punctuation omitted); accord *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986) (finding that where the affirmative defense of the statute of limitation was not properly raised, the trial court erred in ruling on the period of limitation in granting summary judgment).

court and to the parties demands that legal issues be asserted in the trial court."[5]  It

follows then that this argument does not provide a basis for reversal.[6]

(b) Second, American National argues,

[T]he seven-year statute of limitations period under [OCGA § 18-2-22, which provision American National relied upon,] had also expired when Appellee's filed their claim, as the alleged fraudulent transfer took place on April 19, 1996.  Therefore, any claim for fraudulent transfer would

---

[5] *Pfeiffer v. Ga. Dept. of Transp.* 275 Ga. 827, 828-829 (2) (573 SE2d 389) (2002) (citation omitted); accord *Hansford*, supra (explaining that on motion for summary judgment, nonmovant must be given fair notice of what must be met to overcome motion); *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690-691 (1) (458 SE2d 876) (1995) (explaining that plaintiff had no burden to respond to issue "not raised in the [defendant's] motion for summary judgment or to present its entire case on all allegations in the complaint" and that "issues that must be rebutted on motion for summary judgment are those raised by the motion").

[6] See *Pfeiffer*, supra at 829 (2) n. 12 (citing *Blue Cross & Blue Shield v. Weitz*, 913 F2d 1544, 1550 (11th Cir.1990) (summary judgment will not be reversed on appeal for failing to consider argument not articulated by party); *Ex parte Ryals*, 773 So2d 1011, 1013 (Ala. 2000) ("trial court cannot be reversed on any ground or argument not presented for or against the motion [for summary judgment]"); *Minnehoma Financial Co. v. Pauli*, 565 P2d 835, 838 (Wyo.1977) (fundamental rule applicable to appeals from summary judgments is "that parties may not advance new theories or issues in order to secure a reversal of the lower court's determination")); *Kent v. A. O. White, Jr., Consulting Engineer, Inc.*, 279 Ga. App. 563, 565 (3) (631 SE2d 782) (2006) (holding that, where issue of statute of limitation was not raised and ruled on in trial court, issue was waived for purposes of appeal); see also *Francis v. Francis*, 279 Ga. 248, 249 (611 SE2d 45) (2005) ("[T]he scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting.") (citation and punctuation omitted).

have had to be filed on or before April 19, 2003, nearly seven months before the Complaint was filed in this case.

Before the 2002 enactment of the UFTA, fraud in the procurement of title to land was claimed under OCGA § 18-2-22,[7] and the applicable statute of limitation was seven years,[8] which did "not commence until the fraud [was] or should have been discovered."[9] To overcome American National's challenge brought on motion for summary judgment, EMM Credit took the position that the limitation period did not begin to run until 2002, when Remington pled guilty to fraudulent activity.[10] And according to an NCOM president, after Remington entered the guilty plea, NCOM procured the California Judgment against Remington (and others) for having

---

[7] See 2002 Ga. Laws p. 141, §§ 2, 3. "OCGA § 18-2-22 was repealed on July 1, 2002, when Georgia enacted the Uniform Fraudulent Transfers Act, OCGA § 18-2-70 et seq." *Gerschick v. Pounds*, 281 Ga. App. 531, 532 (1) (a), n. 8 (636 SE2d 663) (2006); *Miller v. Lomax*, 266 Ga. App. 93, 96 (2) (b), n. 1 (596 SE2d 232) (2004) (noting that "OCGA § 18-2-22, entitled, 'Conveyances by debtors deemed fraudulent,' was repealed effective July 1, 2002.").

[8] *Lanier v. Anthony*, 261 Ga. App. 848, 852 (1) (583 SE2d 893) (2003).

[9] *Jones v. Spindel*, 239 Ga. 68, 69 (1) (235 SE2d 486) (1977) (citations omitted).

[10] See generally *Mayfield v. Heiman*, 317 Ga. App. 322, 328 (2) (730 SE2d 685) (2012) (defendant has burden of proof as to the running of the statute of limitation and not to establish the absence of facts showing a tolling; plaintiff then must show that a factual issue exists that the statute has not run, but has been tolled).

6

committed intentional fraud no later than January 1999. Pretermitting whether OCGA § 18-2-22 governed the fraudulent transfer claim at issue, the record before the trial court did not mandate a finding as a matter of law that NCOM discovered or should have discovered the alleged fraudulent transfer within seven months of the 1996 conveyance.[11]

Therefore, American National has demonstrated no merit in its contention that the trial court erred by denying its motion for summary judgment on the fraudulent transfer claim.[12]

2. American National contends that the trial court erred "when it removed NCOM as a party."

About four years into the litigation, on September 27, 2007, NCOM filed a motion to substitute EMM Credit as the party plaintiff. It stated that NCOM had obtained the California Judgment (against Remington, his domestic partner, and

---

[11] See *Miller*, supra at 101-102 (4) ("The jury may infer the existence of facts reasonably and logically consequent on those proved.") (citation and punctuation omitted); *Fed. Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 245 (2) (590 SE2d 224) (2003) ("Where there are facts involving fraud and excuses for delay in discovering the same, the question is one of mixed law and fact, and is one for determination by the jury under proper instructions from the court.") (citation and punctuation omitted).

[12] The trial court's ruling was made prior to the effective date of Georgia's new Evidence Code. See, however, footnote 17, infra.

Micro Equipment Corporation); that EMM Credit held first priority security interest in and to all of its (NCOM's) assets; and that in partial satisfaction of that interest, NCOM had assigned in March 2007 its California Judgment to EMM Credit. Hence, NCOM summarized, "Because the nucleus of this case is the California Judgment, and because the California Judgment has been assigned . . . to EMM Credit Corporation, Plaintiff respectfully requests this Honorable Court [to] exercise its discretion and order that EMM Credit Corporation be substituted as the party Plaintiff for NCOM, Inc., f/k/a NEWCOM, Inc., in this matter."

At a hearing in January 2008, counsel for American National recounted to the court that "on September 27, Plaintiffs filed a motion to substitute the parties for EMM Credit, who is the assignee of the judgment at issue in this case. There's been no order on that –." The court remarked, "I wanted to hear what everybody had to say about that today." Counsel for American National responded, "We have no objection to EMM substituting in as NCOM. We didn't file a written objection and we don't have one now." Consequently, on July 23, 2009, the trial court entered an order expressly finding, inter alia, that no objection to the motion had been filed and thus ruling that the motion is "GRANTED. EMM CREDIT, LLC is hereby substituted for NCOM INC. f/k/a NEWCOM, INC."

8

On October 4, 2010, American National filed an emergency motion complaining that the substitution had rendered moot counterclaims that it had filed against NCOM on August 5, 2009. As American National explained, NCOM should have procedurally remained a party to the instant case in order to adjudicate those counterclaims. In that motion, American National asked the court, inter alia, to reconsider its substitution order or to allow joinder of NCOM as the "defendant in Counterclaim or a Plaintiff or Involuntary Plaintiff." The trial court denied the motion.

On appeal, American National charges the trial court with "sua sponte removing NCOM from the case completely." OCGA § 9-11-25 (c) provides, in pertinent part, "In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action *or joined with the original party*."[13] Here, when the trial court explicitly afforded the parties opportunity to be heard on the motion, American National advised the court that it had "no objection to EMM substituting in as NCOM." "It is well established that one cannot complain of a judgment, order, or ruling that [one's] own procedure or conduct procured or

---

[13] (Emphasis supplied.)

aided in causing."[14] Given the foregoing, we find no abuse of discretion in the trial court's rulings.[15]

3. American National contends that the trial court erred in denying its motion in limine that sought to exclude from trial a redacted version of Remington's plea agreement. American National asserts that the document is fraught with hearsay; American National asserts further that Remington was not expected to appear at the trial at the time it was scheduled, and that admission of such document would have deprived it of constitutional rights.

---

[14] *Ga. Dept. of Human Resources v. Phillips*, 268 Ga. 316, 320 (2) (486 SE2d 851) (1997) (footnote omitted); see *Norman v. Ault*, 287 Ga. 324, 329 (3) (695 SE2d 633) (2010) ("A litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.") (citation and punctuation omitted).

[15] See *Hovendick v. Presidential Fin. Corp.*, 230 Ga. App. 502, 506 (6) (497 SE2d 269) (1998) (explaining that "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up a counterclaim by amendment," but whether to allow such a filing falls within the discretion of the trial court). See generally *Sheffield v. Preacher*, 175 Ga. 719 (165 SE2d 742) (1932).

"A trial court's ruling on a motion in limine is reviewed for abuse of discretion."[16] Here, any trial in this case will employ Georgia's new Evidence Code.[17] At the time of the ruling contested here, however, that Code was not yet applicable and thus the trial court's decision was not based thereon. Hence, whether the trial court correctly determined that the evidence was admissible under the former Evidence Code is moot.[18] Under these circumstances, we vacate the evidentiary ruling at issue and remand the case for the trial court to exercise its discretion to consider in the first instance whether the evidence is admissible, given the newly enacted Evidence Code and any other relevant circumstances.[19]

*Judgment affirmed in part and vacated in part, and case remanded with direction. Ellington, P. J., and Branch, J., concur.*

---

[16] *McKissick v. Aydelott*, 307 Ga. App. 688, 692 (2) (705 SE2d 897) (2011) (footnote and punctuation omitted).

[17] Georgia's new Evidence Code "shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date." Ga. L. 2011, p. 99, § 101.

[18] OCGA § 5-6-34 (d) (providing, in pertinent part, "Nothing in this subsection shall require the appellate court to pass upon questions which are rendered moot.").

[19] See *Rivers v. K-Mart Corp.*, ___ Ga. App. ___ (___ SE2d ___) (2013) (Case No. A13A0363, decided May 17) (remanding case on interlocutory appeal so that the trial court could exercise its discretion in deciding whether, under the new Evidence Code, evidence of a party's prior criminal record was admissible).